IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MEYERS,                          :
        Plaintiff,                  :          1:13-cv-1631
                       :
   v.                                  :          Hon. John E. Jones III
                       :
COUNSELOR E. FISHER, *et al.*,         :
        Defendants.                 :

## MEMORANDUM

## September 15, 2014

On January 7, 2014, Plaintiff, David Meyers, an inmate currently confined in the Riverside Regional Jail in North Prince George, Virginia, filed a second amended complaint in the above-captioned action pursuant to *Bivens*[1].  Plaintiff alleges that he was assaulted at the United States Penitentiary, Allenwood, Pennsylvania, ("USP-Allenwood"), and that his personal property was not provided to him after his transfer from that institution.  (Doc. 34).  Named as Defendants are the following employees at USP-Allenwood: Earl Fisher, Correctional Counselor; Al Tollackson, Unit Manager; Tara Klembara, Drug Treatment Specialist; Marr/ Mars, Lieutenant; Meg Hughes, Special Investigation Services Investigator; and, an Unknown Correctional Officer.  (Doc. 34).  On April

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

14, 2014, Defendants filed a motion to dismiss.[2]  (Doc. 46).  The matter has been fully briefed and, for the reasons set forth below, Defendants' motion to dismiss will be granted.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his original complaint in this action on June 18, 2013 against Defendants Fisher, Tollackson and Klembara.  (Doc. 1).  In the original complaint, Plaintiff alleged that he was subjected to sexual harassment, medical neglect, and attempted murder by prison staff at USP-Allenwood between January and February 2010.  (Doc. 1).  Pursuant to the screening requirements of the Prison Litigation Reform Act, ("PLRA"), the Magistrate Judge reviewed the original complaint and directed Plaintiff to file an amended complaint.  (Doc. 8).  *See also* Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915A(a).  The Magistrate Judge noted that Plaintiff complained of events that occurred more than three years before he filed the complaint and his claims were therefore barred by the statute of limitations.  (Doc. 8, pp. 9-10).  This Court subsequently adopted the Magistrate Judge's Report and Recommendation in its entirety and granted Plaintiff the opportunity to file an amended complaint.  (Doc. 10).

---

[2]  Defendants initially filed a motion to dismiss and for summary judgment, however they subsequently withdrew the motion for summary judgment and are proceeding solely on the motion to dismiss.  *See* (Docs. 46, 49).

Plaintiff filed an amended complaint on July 24, 2013 again setting forth claims against Defendants Fisher, Tollackson and Klembara.  (Doc. 9).  The Magistrate Judge screened the amended complaint and noted that, in an attempt to circumvent the statute of limitations, Plaintiff alleged that the sexual assault and murder plots continued throughout his incarceration at USP-Allenwood, from January 2010 until July 8, 2011.  (Doc. 13, p. 2).  The Magistrate Judge determined that Plaintiff timely stated a claim for any events occurring after June 17, 2011, two years from the date of his initial complaint, but that events which transpired prior to June 17, 2011 remained time-barred.  (Doc. 13, p. 3).  It was therefore recommended that any allegations pre-dating June 17, 2011 be dismissed, but the amended complaint be served as to any allegations which occurred after June 17, 2011.  (Doc. 13, p. 3).  On August 28, 2013, this Court adopted the Magistrate Judge's Report and Recommendation.  (Doc. 16).

On November 8, 2013, Defendants filed their first motion to dismiss and for summary judgment.  (Doc. 24).  Following an extension of time, Defendants filed a brief in support and statement of material facts.  (Docs. 28, 29).

On December 13, 2013, Plaintiff filed a motion to amend his complaint. (Doc. 31).  By Order dated December 18, 2013, Plaintiff's motion to amend was granted and Defendants' motion to dismiss and for summary judgment was

dismissed without prejudice.  (Doc. 32).

On January 7, 2014, Plaintiff filed a second amended complaint.  (Doc. 34).
In the second amended complaint, Plaintiff alleges that, on July 8, 2011, he was
assaulted at USP-Allenwood and transferred out of USP-Allenwood without all of
his personal property.  (Doc. 1, pp. 2-3).  Plaintiff's entire statement of claim is as
follows:

> On July 8th, 2011 Counselor E. Fisher and Lt. Mars ordered a[n]
> unknown correctional officer to escort me to receiving and discharge
> unit and the officers slammed my head into the iron of R and D unit at
> least 20 times.  And kept striking with his fist until S.I.S. Meg Hughes
> came around the corner and caught the subordinate officer slamming
> my head in concrete walls and iron doors, and Meg Hughes told the
> officer to stop assaulting me.  The officer, and Lt. Mars did not bring
> my walkman and headphones and marriage study books in my jacket
> from storage.  The Officer that assaulted me refused to carry my
> property to R and D unit so I could be released with all my property
> on July 8th, 2011.

(Doc. 34, pp. 2-3).

For relief, Plaintiff seeks "$500,000 special and general damages for
personal injury claim, and personal property walkman radio with special
headphones valued at $102.00".  (Doc. 34, p. 3).

On April 14, 2014, Defendants filed the instant motion to dismiss Plaintiff's
second amended complaint arguing that: (1) the action is time-barred under the
applicable statute of limitations, and (2) the second amended complaint does not

relate back to the original complaint. (Docs. 46, 49). Plaintiff filed his opposition on June 4, 2014. (Doc. 51).

## II.    STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court must accept the veracity of plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). A court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims" and must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. *Indep. Enterprises, Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The test is whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993). "The burden is on the moving party to show that there is no actionable claim." *Javorski v. Nationwide Mutual Ins. Co.*, 2006 U.S. Dist. LEXIS 53480, *19 (M.D. Pa. 2006) (Conaboy, J.).

"A statute of limitations defense may serve as the basis for a Rule 12(b)(6) motion 'where the complaint facially shows noncompliance with the limitations period.'" *McSpadden v. Wolfe*, 2008 WL 910010, *4 (E.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)). "When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, [the court] must determine whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). Courts may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver*, 38 F.3d at 1384.

## III.   DISCUSSION

### A.   *Statute of Limitations*

Defendants contend that the second amended complaint is barred by the two-year statute of limitations and should be dismissed.  (Doc. 49, pp. 5-7).  They assert that Plaintiff sets forth entirely new claims in the second amended complaint. (Doc. 49, p. 7).  Specifically, in the second amended complaint, Plaintiff alleges that he was assaulted at USP-Allenwood on July 8, 2011 and was transferred out of

6

that facility without all of his personal property.  (Doc. 34).  Defendants note that

more than two years elapsed before the amended complaint was filed and thus, the

action is untimely.  (Doc. 49, p. 7).  Plaintiff merely responds that the Defendants

should be held accountable for their actions.  (Doc.  51).

   In actions pursuant to *Bivens*, federal courts apply the state's statute of

limitations for personal injury.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (in

section 1983 actions the court looks to the law of the state for the length of the

statute of limitations for personal-injury actions).[3]  In Pennsylvania, the relevant

statute of limitations is two years.  *See Wooden v. Eisner*, 143 Fed. Appx. 493, *1

(3d Cir. 2005) ("a *Bivens* claim in which the plaintiff is alleging personal injury

has a two-year statute of limitations"); *Napier v. Thirty or More Unidentified Fed.

Agents, Employees or Officers*, 855 F.2d 1080, 1087 (3d Cir. 1988); 42 Pa.C.S. §

5524.

   When determining the accrual date of the claim, generally, "the statute of

limitations 'begins to run from the time when the plaintiff knows or has reason to

know of the injury which is the basis of the section 1983 action.'"  *Beattie v. Dept.*

---

[3] "A civil rights claim brought under *Bivens* is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim."  *Naranjo v. Martinez*, 2009 U.S. Dist. LEXIS 128507, *9 (M.D. Pa. 2009) (Mannion, M.J.) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)), *adopted by*, 2009 U.S. Dist. LEXIS 109645 (M.D. Pa. 2009) (McClure, J.).

*of Corrections SCI-Mahanoy*, 2009 WL 533051, *8 (M.D. Pa. 2009) (Rambo, J.)

(citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).  Under

this rule, Plaintiff's claim would be time-barred because he knew of the injury

when it occurred, on July 8, 2011.  Therefore, the relevant date for the statute of

limitations is July 8, 2011.  Plaintiff did not file his second amended complaint

until January 7, 2014, more than two years after the alleged injury.  Thus, the

action is untimely and the motion to dismiss will be granted.

### B.     Relation Back of Amendments

Defendants further argue that the second amended complaint does not relate

back to the original complaint.  (Doc. 49, pp. 8-10).  In his opposition, Plaintiff

does not address this argument.  *See* (Doc. 51).

The relation back provision in Rule 15(c) treats an amended complaint, for

statute of limitations purposes, as if it had been filed at the time of the original

complaint, provided certain conditions are satisfied.  FED.R.CIV.P. 15(c);

*Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 189 (3d Cir. 2001).

Rule 15 states:

> (c) Relation Back of Amendments.
>   (1) When an Amendment Relates Back.  An amendment to a pleading
> relates back to the date of the original pleading when:
>     (A) the law that provides the applicable statute of limitations allows
> relation back;
>       (B) the amendment asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(I) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED.R.CIV.P. 15(c).  The three requirements that must be met before an amendment will relate back are: (1) "the claim against the newly named defendants must have arisen 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'"; (2) "the newly named party must have 'received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits'"; and (3) "the newly named party must have known, or should have known, (again, within the 120 day period) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Singletary*, 266 F.3d at 194; FED.R.CIV.P. 15(c).

Here, the amended complaint is not substantially similar to the original pleading and the claims arise out of different occurrences. *Cf.* (Doc. 1) *with* (Doc.

34).  The original complaint named as Defendants Fisher, Tollackson, and

Klembara.  (Doc. 1).  In the original complaint, Plaintiff's allegations arise out of

claims that he was subjected to sexual harassment, medical neglect, and attempted

murder by prison staff at USP-Allenwood between January and February 2010.

(Doc. 1).

The second amended complaint names as Defendants Fisher, Tollackson,

and Klembara, as well as new Defendants Marr/ Mars, Hughes and an Unknown

Correctional Officer.  (Doc. 34).  In the second amended complaint, Plaintiff

alleges that he was physically assaulted at USP-Allenwood on July 8, 2011.  (Doc.

34).  He further alleges that the Unknown Officer and Lieutenant Mars did not

transport his walkman, headphones and marriage study books.  (Doc. 34, p. 3).

These claims have no relation to the claims set forth in the original complaint.

Additionally, the second amended complaint sets forth no allegations against

Tollackson and Kelmbara, and the only claims against Fisher are that "he ordered

a[n] unknown correctional officer to escort me to receiving and discharge unit".

(Doc. 34, p. 2).  Therefore, the first condition of Rule 15(c) is not satisfied.

As stated, the second amended complaint names new Defendants Hughes,

Marr/ Mars, and an Unknown Correctional Officer.  (Doc. 34).  Considering the

original pleading filed in the instant action, there was no reason for the newly

named Defendants to have notice that they would be added as parties to this action.
Thus, they could not have preserved evidence and would potentially be prejudiced
in maintaining a defense. *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014-15
(3d Cir. 1995) (stating that the "prejudice to which the Rule refers is that suffered
by one who, for lack of timely notice that a suit has been instituted, must set about
assembling evidence and constructing a defense when the case is already stale").
Plaintiff has not shown that the newly named parties "received such notice of the
institution of the action [within the 120 day period] that the party will not be
prejudiced in maintaining a defense on the merits." FED.R.CIV.P. 15(c)(1)(C)(I).
Thus, the second condition of Rule 15(c) is not met.

Regarding the third condition of Rule 15(c), the newly named Defendants
could not have known when the original complaint was filed that, but for a mistake
by Plaintiff naming the Defendants, the action would have been brought against
them. FED.R.CIV.P. 15(c). As stated, the original complaint named as Defendants
Fisher, Tollackson, and Klembara. (Doc. 1). Plaintiff did not name any John Doe
Defendants in his original pleading and he did not state that any Defendants were
unknown to him. *See* (Doc. 1). Thus, there was no indication that he failed to
identify Defendants and this requirement is not met simply because the newly
named Defendants are employees at USP-Allenwood. *See Ball v. Northampton*

11

*County Sheriff*, 2011 WL 7615087, *4 (M.D. Pa. 2011) (Carlson, M.J.), *adopted by*, 2012 WL 1004913 (M.D. Pa. 2012) (Kane, J.) ("[A]bsent other circumstances that permit the inference that notice was actually received, a non-management employee ... does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes."), *citing Singletary*, 266 F.3d at 200.  Plaintiff's failure to identify the newly named Defendants does not qualify as a mistake under Rule 15(c).  The third requirement is not satisfied and the second amended complaint, which identified new Defendants, does not relate back to the initial pleading.

## IV.   CONCLUSION

For the reasons contained herein, the motion to dismiss will be granted.  A separate Order follows.